8684

BATESBURG COTTON OIL CO. v. JONES.

1. ISSUES.—APPELLANT must satisfy this Court that findings of fact
   appealed from are against the preponderance of the evidence to
   secure a reversal.

2. NOTES.—INTEREST properly allowed on notes and attorney's fees,
   where notes provide for attorney's fees.

3. IBID.—PRINCIPAL AND AGENT.—Where one borrows money on his
   own note for the benefit of another, it requires clear evidence
   to convince the Court that the renewal of the note pays the obliga-
   tion of the beneficiary of the loan.

4. APPEAL.—Whether it was error to order foreclosed a mortgage held
   as collateral, cannot be considered in this case because not made
   on Circuit.

5. STATUTE OF FRAUDS.—COMMISSIONS for purchasing stock, being a con-
   tract for personal service to be performed within the year, is not
   within the statute of frauds.

6. FRAUD.—The concealment of the name of the person for whom
   stock is purchased, is not a fraud, except where there are sub-
   stantial reasons for the concealment recognized in law as fraudulent.

Before DeVore, J., Edgefield, November, 1912. Affirmed.

Action by Batesburg Cotton Oil Company against C. E. Jones, John Bell Towill and Citizens Bank of Batesburg. Defendant Towill appeals.

*Messrs. E. L. Asbill* and *Barrett Jones,* for appellant. cite: *Meaning of "settlement up to date:"* 1 Strob. 61; 4 Strob. Eq. 103; 93 Ind. 147; 1 Hill 512; 49 N. E. 798; 58 S. C. 56; 17 S. C. 42, 595. *Burden of proof in confidential relations:* 2 Strob. Eq. 297; Jones on Ev. 229; 94 N. C. 581; 117 Ill. 597; 36 N. J. Eq. 174; 22 N. Y. 327.

*Messrs Thurmond & Nicholson* and *G. B. Timmerman,* contra, cite: *Parties by agreement may empower chancellor to hear all matters covered by the agreement:* 27 Cyc. 13, 3; 30 S. C. 301; 48 S. C. 174; 10 Rich. Eq. 339; 85 S. C. 285.

November 11, 1913. The opinion of the Court was delivered by

MR. JUSTICE FRASER. This is an action to foreclose a mortgage. The bank is made a party because it holds another mortgage. The bank's mortgage was collateral to a note which it held. The defendant, Jones, bought the land covered by the plaintiff's mortgage for himself and his codefendant, Towill. The deed was taken to Jones alone. Mr. Jones subsequently made deed to one-half interest to Mr. Towill. This deed was not produced in evidence, having been lost, and its time of execution in dispute. The plaintiff's mortgage was on what is called the Fox land. There is a conflict of evidence as to what amounts were paid by the purchasers on this purchase. Subsequently Mr. Towill desired to purchase a controlling interest in a business corporation called the Planters Storage Company, and, because he apprehended some trouble in the purchase of the stock from the stockholders, engaged the services of Mr. Jones to

purchase it for him.    Mr. Towill claims that he was only to pay a reasonable sum for these services, and did pay Mr. Jones the sum of five hundred dollars in full settlement. Mr. Jones claims that Mr. Towill agreed to pay him twenty per cent. commission on the value of the stock and there has been no payment.    It was necessary to borrow the money to purchase the stock.    Mr. Jones borrowed the money—$3,300.00—and gave as collateral security a mortgage on the Fox land, a note from Mr. Towill to him, and other securities, including certain bank stock.    Mr. Jones' note was renewed from time to time, and only one hundred dollars paid on the principal.    Mr. Towill makes this statement in his testimony:

"Who put up the collateral to secure that loan?    I will tell you the transaction: We went to the bank to borrow this amount of money, and they said I had two loans.    I do not know how many, but they amounted to two thousand dollars, or more, already, and that was entirely too much for any one man to get, and the inspector would come around and not permit it, and they said they could not make the loan, and so they told us, or rather Mr. Jones; we agreed that Mr. Jones borrow the money—the thirty-three hundred dollars—and I should put up the collateral."

Mr. Towill desired to sell the bank stock and substituted a mortgage on the other tract of land and sold the bank stock.

As a result of the various transactions, an accounting was had between Messrs. Towill and Jones.    The case was tried before Judge DeVore and he rendered a decree ordering the mortgages foreclosed and the other securities sold, and gave judgment on the accounting in favor of Mr. Jones for a large amount.    From this decree Mr. Towill appeals with fifty-three exceptions.    Forty-two of them complain of the findings of fact as against the preponderance of the evidence.    These exceptions are not argued separately and therefore will not be separately considered.

The appellant has not convinced us that the preponderance of the evidence is in his favor and the exceptions raising this question are overruled. Mr. Towill trusted largely to his memory and Mr. Jones came into reference with books which he claimed contained cotemporaneous entries. If these books were not cotemporaneous entries, or false entries, then Mr. Jones has committed a crime. If Mr. Towill's statements are not in accord with the facts, he may be mistaken. We can not say the preponderance of the evidence was in favor of the appellant.

The other exceptions raise the following questions:

1. Was there error in allowing interest on the amount due by Mr. Towill and Mr. Jones and attorney's fees thereon? The interest and attorney's fees was allowed not on unliquidated demands, but on various notes, and where attorney's fees were allowed, they were on notes which provided for attorney's fees.

2. Was the Towill note paid? There is no evidence that the Towill note was paid. Payment is a question of intention and there is no evidence that there was any agreement or any intention of the parties that the note of Mr. Towill should be paid by the renewal made by Mr. Jones. Mr. Towill admits that the money was gotten for him, and much of it, at least, spent to buy stock for him, and it would require clear evidence to show that Mr. Jones, who had borrowed the money for Mr. Towill, and the bank who had loaned the money, intended to release Mr. Towill from all obligations to pay the money which had been borrowed for him.

3. Was there error in ordering the foreclosure of a mortgage which was held merely as collateral? Judge DeVore held that this question was not made before him, and a finding by this Court would be merely dictum.

4. Could Jones give a mortgage on the entire interest in the land, one-half interest in which was owned by Mr. Towill? Judge DeVore finds the facts against Mr. Towill and holds that the mortgage was executed before the deed; we can not say the preponderance of the evidence was against the finding.

5. The last question to be considered is the question of commissions.

Appellant claims: (a) That there was no contract to pay 20 per cent. commissions. The fact had been found against him.

(b) Appellant claims that the contract was contrary to the statute of frauds. The statute of frauds makes certain specific parole contracts void, and the contract for personal services to be performed within the year is not one of them. These services were to have been performed at once, and there is no statement in the evidence that any of the purchases were not made within the year.

(c) Appellant further contends that inasmuch as Mr. Jones was not to reveal Mr. Towill's name in the contract to purchase, it was an actual fraud and the Court would not enforce the contract.

It sometimes happens that the concealment of the name of the purchaser, or the purpose for which the purchase is made, will be held to be fraudulent, but there must be some substantial reasons recognized by the law, or the contract is not void because the name of the purchaser is not revealed.

It will be observed here further, that Mr. Jones was not only to purchase the stock, but that he was to borrow the money with which the stock was to be purchased and become, as he did become, personally responsible for the whole amount.

The exceptions are overruled and the judgment below affirmed.